OPINION OF THE COURT
Allan L. Winick, J.
This is a motion by the claiming authority seeking a preliminary injunction pursuant to CPLR 1333 et seq.
Having determined that the corporate defendant, Advent Apothecary, Inc., was properly served pursuant to CPLR 1335 (2), this court now must determine if the statutory provisions for the granting of a preliminary injunction were complied with.
*335 The defendant, Ferrandino, is a "criminal defendant” pursuant to CPLR 1310 (9). The defendant, Advent Apothecary, Inc., is a "non-criminal defendant” pursuant to CPLR 1310 (10). The court finds that the corporation, as it was used in the case at bar, was an instrumentality of the crime Ferrandino is charged with.
This is based on the facts provided by the claiming authority. Ferrandino, a pharmacist, received various drugs in the corporate name and it would appear that most of those drugs were sold as part of a legitimate pharmacy business. The defendant, Ferrandino, however, placed a quantity of drugs still in the manufacturer’s containers in a bag and placed that bag of drugs in the trunk of his Mercedes, in preparation for a later illegal sale of the drugs. With respect to the illicit sales of drugs consummated by Ferrandino, the corporation was a front or subterfuge. He apparently procured the drugs and paid for same in the corporate name. That Advent Apothecary, Inc. simultaneously existed as a legitimate concern and a conduit for Ferrandino’s allegedly illegal drug transactions does not bar this court from finding that it is an instrumentality of the crime. Ferrandino’s use of the corporation to procure drugs contributed directly and materially to the commission of the crime as defined in CPLR 1310 (6). (CPLR 1310 [4].)
The claiming authority has established that there is a substantial probability that it will prevail on the issue of forfeiture and that failure to enter the order may result in the property being destroyed, removed from the jurisdiction of the court or otherwise be unavailable for forfeiture. Ferrandino and the codefendant in the criminal action both made certain admissions regarding this and previous illegal drug transactions. Furthermore, Ferrandino has dissolved the corporation rendering any other corporate assets unavailable for forfeiture. (CPLR 1333.) It is likely that his personal assets which are not the subject of this injunction are likely to be dissipated rendering any judgment ineffectual. In addition, the need to preserve the availability of the property which represents only a fraction of the amount sought is greater than any hardship suffered by the defendant.
Now on motion of the claiming authority, it is ordered that said motion for a preliminary injunction be and hereby is in all respects granted and it is further ordered that defendant’s cross motions be and hereby are denied.